1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   **XPOSURE PHOTO AGENCY INC.,**            Case No.:  2:23-cv-08997-HDV-SSCx

12                        Plaintiff,           **CIVIL STANDING ORDER**

13            v.

14

15   **CHERI MEDIA GROUP ET AL**,

16                        Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1

*Rev 08/2023*

**PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.[1]**

Both the Court and all counsel bear responsibility for the progress of litigation in this Court. **"Counsel," as used in this Order, includes self-represented parties.[2]** To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. FED. R. CIV. P. 1.

**UNLESS THE COURT ORDERS OTHERWISE, THE FOLLOWING RULES APPLY**

## I.   SERVICE OF THE COMPLAINT

The Plaintiff shall promptly serve the Complaint in accordance with Federal Rule of Civil Procedure 4 and shall comply with Local Rule 5-3 with respect to all proofs of service. Any defendant, including any "Doe" or fictitiously named defendant, not served within 90 days after the case is filed shall be dismissed pursuant to Fed. R. Civ. P. 4(m).

## II.   REMOVED ACTIONS

Any answers filed in state court must be refiled in this Court as a supplement to the Notice of Removal. Any pending motions must be re-noticed in accordance with the Local Rules. If an action is removed to this Court that contains a form pleading (i.e., a pleading in which boxes are checked), the party or parties utilizing the form pleading must file an appropriate pleading with this Court within thirty (30) days of receipt of the Notice of Removal. The appropriate pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8, 9, 10 and 11.

## III.   APPEARANCES BY COUNSEL

The Court is committed to fostering the development of new and diverse lawyers in the legal community. Consequently, the Court strongly encourages litigants to provide opportunities for less experienced lawyers or lawyers whose identities and/or backgrounds further the diversity of the legal

---

[1]   A copy of the Local Rules for the Central District of California may be accessed at http://www.cacd.uscourts.gov/court-procedures/local-rules.

[2]   This Court does not exempt "pro se" parties—that is, parties who are not represented by an attorney—from compliance with the Federal Rules of Civil Procedure or the Local Rules. *See* Local Rules 1-3 and 83-2.2.3.

2

*Rev 08/2023*

profession to conduct hearings before the Court, particularly where they contributed significantly to the underlying motion.  To that end, the Court will allow parties to divide their oral argument among two attorneys.  Of course, the ultimate decision of who speaks on behalf of the client is for the client and not the Court.

IV.    **COURTROOM DECORUM & CIVILITY**

The Court expects that everyone in the courtroom be treated with dignity and respect at all times.[3]  This requires, at a minimum:

- Punctuality for all court appearances.

- Civility and professionalism in all oral and written communication, including:

    o   Referring to and addressing witnesses, counsel, parties, and court personnel by their surnames, pronouns, and honorifics, unless leave to do otherwise is granted.

    o   Communicating respectfully with court marshals, court clerks, court reporters, assistants, law clerks, and other courthouse staff.

    o   Refraining from interrupting any other person in the courtroom when someone else is speaking.

    o   Refraining from making gestures, facial expressions, or audible comments as manifestations of approval or disapproval of testimony or argument.

- Thorough preparation for all court hearings and sensitivity to the time constraints and pressures on jurors and court staff.

Litigants and counsel may indicate their pronouns and honorifics by filing a letter, adding the information in the name block or signature line of the pleadings, or by verbally informing the Court when making an appearance.

V.    **SCHEDULING CONFERENCE AND RULE 26(F) MEETING OF COUNSEL**

This Court hears status conferences and scheduling conferences on Thursdays at 10:00 a.m. Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), the Court will issue an Order Setting a

---

[3] For more detailed guidance, counsel are advised to refer to the Central District of California's Civility and Professionalism Guidelines, which can be found at http://www.cacd.uscourts.gov/attorneys/admissions/civility-and-professionalism-guidelines.

3

*Rev 08/2023*

Scheduling Conference. Counsel shall meet no later than twenty-one (21) days prior to the court-ordered Scheduling Conference pursuant to Federal Rule of Civil Procedure 26(f) and applicable Local Rules. This meeting may occur telephonically and need not occur in person. A written exchange of correspondence will not satisfy this requirement.

## VI. ALTERNATIVE DISPUTE RESOLUTION

As stated in Local Rule 16-15, the parties in every case must participate in a Settlement Conference or Alternative Dispute Resolution ("ADR") procedure. **The Court will not hold a final pretrial conference or convene any trial unless and until all parties, including the principals of all corporate parties, have completed ADR.** This Court participates in the Court-Directed ADR Program whereby the Court refers the parties to the magistrate judge, the Court Mediation Panel, or to private mediation. *See* General Order 11-10, §5.1. If a Notice to Parties of Court-Directed ADR Program (ADR-08) has been filed in this case, counsel must furnish and discuss it with their clients in preparation for the Fed. R. Civ. P. 26(f) conference. In their Joint Rule 26(f) Report, counsel should indicate their preferred ADR procedure. The Court will refer the case to a procedure at the initial scheduling conference. More information about the Court's ADR Program, the Mediation Panel, and mediator profiles is available on the Court's website.

## VII. JOINT RULE 26(F) REPORT

Unless otherwise ordered, no later than fourteen (14) days before the Scheduling Conference, counsel shall file a Joint Rule 26(f) Report. A Joint Rule 26(f) Report which is not timely filed or does not conform with this Order, Federal Rule of Civil Procedure 26(f), and applicable Local Rules may result in the assessment of sanctions. The Joint Rule 26(f) Report shall address the matters set forth in Federal Rule of Civil Procedure 26(f), as well as those enumerated in the Court's Order Setting Scheduling Conference.

## VIII. DISCOVERY

All discovery matters are referred to the assigned Magistrate Judge. Proposed protective orders must also be submitted to the Magistrate Judge. The Magistrate Judge's initials follow the District Judge's initials next to the case number. All discovery documents must include the words

4

1    "DISCOVERY MATTER" in the caption to ensure proper routing.  Please do not deliver courtesy

2    copies of discovery documents to Judge Vera's chambers.

3           In accordance with 28 U.S.C. § 636(b)(1)(A), the Magistrate Judge's decision shall be final,

4    and this Court will not reverse any order of the magistrate judge unless it has been shown that the

5    Magistrate Judge's order is clearly erroneous and contrary to law.  Any party may file and serve a

6    motion for review and reconsideration before this Court.  *See* Local Rule 72-2.  The moving party

7    must file and serve the motion within fourteen (14) days of service of a written ruling or an oral

8    ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must

9    specify which portions of the ruling are clearly erroneous and contrary to law, and the claim must be

10   supported by points and authorities.  Counsel shall provide the Magistrate Judge with chambers

11   copies of the moving papers and responses consistent with the corresponding judge's procedures.

12   **IX.    MOTIONS – GENERAL REQUIREMENTS**

13          **A.    Pre-Filing Requirement.**  Counsel shall meet and confer pursuant to Local Rule 7-3,

14   which requires "counsel contemplating filing of any motion" to "first contact opposing counsel to

15   discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential

16   resolution."  The parties must discuss in real-time all issues to be raised in the motion, as well as the

17   law and evidence relevant to those issues, so that the parties' briefing reflects that they are fully

18   cognizant of the other side's position(s).  Counsel should discuss the issues sufficiently such that if a

19   motion is still necessary, the briefing may be directed to those substantive issues requiring resolution

20   by the Court.  Counsel should resolve minor procedural or other non-substantive matters during the

21   conference.  The notice of motion or other request must include a statement of compliance with

22   Local Rule 7-3.  The Court may strike or outright deny a motion or other relief if counsel fails to

23   meet and confer in good faith.  Moreover, if the briefing reveals that the parties have not sufficiently

24   conferred with respect to the issues and position(s) presented, the motion shall be stricken.

25          **B.    Time for Filing and Hearing Motions.**  Motions shall be filed in accordance with

26   Local Rules 6 and 7.  This Court hears civil motions on Thursdays at 10:00 a.m.  If Thursday is a

27   national holiday, motions will be heard on the next Thursday.  It is not necessary to clear a hearing

28   date with Judge Vera's Courtroom Deputy Clerk before filing a motion.  For all motions, if the

*Rev 08/2023*

1   motion date selected is not available, the Court will issue a minute order continuing the date.  Closed

2   motion dates can be found on Judge Vera's Procedures and Schedules page.

3       **C.    Length and Format of Motion Papers.**  Pursuant to Local Rule 11-6, Memoranda of

4   Points and Authorities in support of or in opposition to motions shall not exceed twenty-five (25)

5   pages absent leave of Court.  Replies shall not exceed ten (10) pages.  Only in rare instances and for

6   good cause will the Court grant an application to extend these page limitations.  Pursuant to Local

7   Rule 11-8, all Memoranda of Points and Authorities exceeding ten (10) pages must be accompanied

8   by a Table of Authorities and a Table of Contents.  All briefing must use Times New Roman or

9   Courier font.  Text must be no less than twelve (12) point font; footnotes shall be no less than ten

10  (10) point font and shall be used sparingly.

11      Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to

12  PDF format so that when a document is electronically filed, it is in proper size and is text-searchable.

13  Further, all documents shall be filed in a format so that text can be selected, copied, and pasted

14  directly from the document.  *See* Local Rule 5-4.3.1.

15      **D.    Citations to Case Law.**  Citations to case law must identify the case cited and the

16  specific page referenced.  For example, if a quotation is presented, the associated page citation shall

17  be provided.  Similarly, if a case is cited in support of a proposition based on language in the

18  opinion, the page on which such language appears shall be provided.  String cites are disfavored, but,

19  if necessary, should include a parenthetical explaining the relevant ruling in each cited case.

20  Bluebook style is required.

21      **E.    Citations to Other Sources.**  Statutory references must identify with specificity the

22  sections and subsections referenced.  Citations to treatises, manuals, and other materials should

23  include the volume, section, and pages being referenced.  Citations to prior filings in the same action

24  shall include the docket entry number, section, and pages referenced.  Again, Bluebook style is

25  required.

26      **F.    Oral Argument.**  The Court strongly prefers counsel to appear in person for motion

27  hearings and pretrial and settlement conferences.  Requests for a remote appearance will only be

28  considered upon a written application filed at least three (3) days before the hearing and supported

*Rev 08/2023*

1    by an appropriate declaration establishing good cause.  If the Court deems a matter appropriate for

2    decision without oral argument, the Court will take the matter under submission and notify the

3    parties before the hearing.

4    **X.    MOTIONS – SPECIFIC REQUIREMENTS**

5        **A.    Motions Pursuant to Federal Rule of Civil Procedure 12.**  Many motions to

6    dismiss or strike can be avoided if the parties confer in good faith as required by Local Rule 7-3,

7    especially for perceived defects in a complaint, answer, or counterclaim that can be corrected by

8    amendment.  *See Polich v. Burlington Northern, Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) (noting

9    that where a motion to dismiss is granted, a district court should grant leave to amend unless it is

10   clear the complaint cannot be saved by amendment).  Moreover, a party has the right to amend the

11   complaint "once as a matter of course at any time before a responsive pleading is served."  FED. R.

12   CIV. P. 15(a).  Even after a complaint has been amended or a responsive pleading has been served,

13   the Federal Rules of Civil Procedure provide that leave to amend should be "freely given when

14   justice so requires."  FED. R. CIV. P. 15(a).  Indeed, the Ninth Circuit requires that this policy

15   favoring amendment be applied with "extreme liberality."  *Morongo Band of Mission Indians v.*

16   *Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

17       Consequently, parties should carefully consider and weigh an opponent's contentions as to

18   the deficiencies in a pleading.  The Court expects that, in most instances, the parties will agree to any

19   amendment that would cure the defect.

20       **B.    Motions to Amend.**  In addition to the requirements of Local Rule 15-1, all motions

21   to amend pleadings shall: (1) state the effect of the amendment; (2) be serially numbered to

22   differentiate the amendment from previous amendments; and (3) identify the pages, line numbers,

23   and wording of any proposed change or addition of material.

24       Counsel shall electronically file a "Notice of Lodging" attaching the proposed amended

25   pleading as a document separate from the motion, as well as a "redlined" version of the proposed

26   amended pleading identifying all additions and deletions of material as an appendix to the moving

27   papers.

28

*Rev 08/2023*

1    **C.    Motions In Limine.**  Motions in limine shall be noticed for hearing no later than four

2    (4) weeks before the Final Pretrial Conference date.

3    **D.    Motions for Class Certification.**  Counsel in putative class actions shall commence

4    litigation promptly and begin discovery immediately so that the motion for class certification can be

5    filed expeditiously.  This Court requires an extended briefing schedule for motions for class

6    certification.  Parties are advised to refer to the Court's Order Setting Scheduling Conference for

7    additional guidance as to filing and timing of motions for class certification.

8    **E.    Motions for Summary Judgment.**  No party may file more than **one** motion

9    pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is denominated a

10   motion for summary judgment or summary adjudication.  The parties shall not attempt to evade the

11   page limitations for briefs by filing multiple motions.  If a party believes this is one of the rare

12   instances in which good cause exists for more than one motion for summary judgment or to increase

13   page limits, the party shall seek leave by noticed motion setting forth a detailed showing of good

14   cause.  Pursuant to Federal Rule of Civil Procedure 56(f), when appropriate, based on undisputed

15   facts and controlling principles of law, the Court may *sua sponte* enter summary judgment in favor

16   of the non-moving party.

17   The Court will not entertain cross-motions that seek to adjudicate the same legal issues.  If

18   parties wish to cross-move for summary judgment, their counsel shall meet and confer to determine

19   which party will move and which will oppose the one motion for summary judgment.

20   Parties need not wait until the motion cutoff date to bring motions for summary judgment or

21   partial summary judgment.  The hearing on any such motion shall be set for a date in advance of the

22   Final Pretrial Conference.

23   This Court requires an ***extended and modified briefing schedule*** for motions for summary

24   judgment, as set forth below:

25   - *Motions for Summary Judgment*: No later than sixty-three (63) calendar days before

26       the hearing on the motion, the moving party shall provide to the non-moving party an

27       electronic copy of the opening brief, together with the moving party's portion of the

28       evidentiary appendix and joint appendix of undisputed and disputed facts.

8

*Rev 08/2023*

- *Opposition*: No later than fourteen (14) calendar days **after receipt of the opening brief**, the non-moving party shall provide the moving party with an electronic copy of the integrated motion, which shall include the opposing party's portion of the joint brief, together with the opposing party's portion of the evidentiary appendix and joint appendix of undisputed and disputed facts.

- *Reply*: No later than seven (7) calendar days after receiving the integrated version of the motion and related papers, the moving party shall file the joint brief with the Court. The moving party shall not make further revisions to the joint brief other than submitting their Reply and finalizing the document for filing.

***The above briefing schedule is the default for summary judgment motions.*** The parties may stipulate to a modified schedule that is reasonable for all parties. Any briefing schedule must provide the Court at least forty-two (42) days between the Reply deadline and the hearing date.

If the ***moving*** party is a self-represented litigant, the parties shall file their briefs pursuant to the briefing schedule above but will not be required to submit joint briefing. If the ***non-moving*** party is a self-represented litigant, the represented moving party shall manage the integration and compilation of both parties' portions of the joint brief, including, but not limited to, Word processing. Pro se parties are expressly advised that, pursuant to *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc), and *Woods v. Carey*, 684 F.3d 934, 939–40 (9th Cir. 2012), he or she has the right to submit counter-declarations and any other relevant evidence to oppose a Motion for Summary Judgment. Such party is further advised that if he or she fails to rebut the moving party's version of the facts with counter-declarations or other evidence, the Court may accept that party's version of the facts as true and the claims against that party may be dismissed without a trial. All declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the declarations.

The parties should prepare papers in a fashion that will assist the Court in processing and analyzing the volume of material (*e.g.*, tables of contents, headings, indices, bookmarks in electronic documents, pinpoint citations, etc.). The parties shall comply with Local Rules 56-1 and 56-2, in addition to the Court's additional requirements described below.

*Rev 08/2023*

1

### 1. Page Limitations

Each separately represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities.  Leave for additional space will be given only in extraordinary cases.  Each party is limited to the use of a total of eight footnotes.

### 2. Moving Party's Statement of Uncontroverted Facts and Genuine Disputes

The joint statement of uncontroverted facts required under Local Rule 56-1 shall be prepared in a four-column table, as shown below.  The first column sets forth the allegedly undisputed fact, along with the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject as concisely as possible.  The second column should list whether the allegedly undisputed fact is disputed or undisputed by the opposing party.  The third column should contain additional information regarding the basis for any dispute.  If the fact is undisputed, no further response is required.  The non-moving party may dispute all or only a portion of the statement but, if disputing only a portion, it must clearly indicate what portion is being disputed, followed by a brief citation to the non-moving party's evidence controverting the fact.  To demonstrate that a fact is disputed, the non-moving party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other evidence, and describe the reason(s) the exhibit or evidence refutes the asserted fact.  No legal argument should be set forth in this document.  In the fourth column, the moving party may provide a response to the opposing party's reason for dispute, including any reason why the evidence cited by the opposing party does not create a genuine dispute and/or any additional evidence relevant to the asserted fact.  All facts asserted by either party, whether disputed or undisputed, and all supporting evidence cited, shall be included in the response.  Do not repeat descriptions of and citations to the evidence.  If you have already described and cited the evidence once, simply refer to the earlier citation succinctly (*e.g.*, "*See supra* Fact # 1").

| Undisputed Fact | Status | Opposition | Reply |
|---|---|---|---|
| 1.  Mike and Jane signed a contract for | Undisputed | N/A | N/A |

10

*Rev 08/2023*

| | | | |
|---|---|---|---|
| the sale and purchase of property. Smith Decl. (Dkt. No. 61-2) ¶ 5, Ex. 6. | | | |
| 2.  Jane mailed the contract in May 2017. Smith Decl. ¶ 8, Ex. 21. | Disputed | Disputed as to date. Jane testified she mailed the contract in June 2017. Jane Depo. at 3:4-10. | Jane testified later that although she initially stated that she mailed the contract in June 2017, she misspoke and clarified that she had actually mailed the contract in May 2017. |

Statements of Uncontroverted Facts and Genuine Disputes shall also be in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at HDV_Chambers@cacd.uscourts.gov.

### 3. Statements of Uncontroverted Facts and Genuine Disputes

The non-moving party may submit additional material facts that bear on or relate to the issues raised by the moving party, which shall be set forth in a separate joint statement of uncontroverted facts and follow the format described above for the moving party's separate statement. These additional facts shall continue in sequentially numbered paragraphs with the evidence that supports each statement set forth in the right column.

With its Reply, the moving party shall identify whether the allegedly undisputed fact presented by the non-moving party is disputed or undisputed by the moving party.  The statement shall include additional information regarding the basis for any dispute.  If the fact is undisputed, no further response is required.  Parties are required to also submit any Statements of Uncontroverted Facts and Genuine Disputes in Excel, have all restrictions removed so the spreadsheets can be edited, and be emailed to the Court's chambers email address at HDV_Chambers@cacd.uscourts.gov.

### 4. Conclusions of Law

Each Statement of Uncontroverted Facts and Genuine Disputes shall be followed by a "Conclusions of Law" section, consisting of a chart with two columns.  The party presenting each set

*Rev 08/2023*

of allegedly uncontroverted facts shall set forth each conclusion of law, followed by the number of

each relevant fact, as follows:

| **Conclusions of Law** | **Relevant Facts** |
|---|---|
| Plaintiff's claim for _____ is barred by the applicable statute of limitations. | Facts 1, 3, 4 |
| Plaintiff cannot prove _____. | Facts 5, 7, 9 |

5. Supporting Evidence

The joint brief shall be accompanied by one separate, tabbed appendix of declarations and

written evidence (including documents, photographs, deposition excerpts, etc.).  *See* Local Rule 7-6.

The joint brief and its supporting materials shall be submitted as one CM/ECF filing, with each

declaration or item of evidence submitted as a separate attachment to the CM/ECF filing.  The

evidentiary appendix shall include a table of contents.  No party shall submit evidence other than the

specific items of evidence or testimony necessary to support or controvert a proposed statement of

undisputed fact.  For example, entire deposition transcripts, entire sets of interrogatory responses,

and documents that do not specifically support or controvert material in the separate statement shall

not be submitted in support of or in opposition to a motion for summary judgment.

Evidence submitted in support of or in opposition to a motion for summary judgment should

be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the

proffered evidence and should not be attached to the memorandum of points and authorities.

Documentary evidence for which there is no stipulation regarding foundation must be accompanied

by the testimony, either by declaration or properly authenticated deposition transcript, of a witness

who can establish authenticity.

6. Objections to Evidence

If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for

the objection should be stated succinctly in a separate statement of evidentiary objections in a two-

column format.  The left column should identify the items objected to (including page and line

number if applicable) and the right column should set forth a concise objection (*e.g.*, hearsay, lack of

*Rev 08/2023*

1  foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case

2  citation.  A proposed order shall be filed and attached to the evidentiary objections as a separate

3  Word document consistent with Local Rule 52-4.1 and emailed directly to the Court's chambers

4  email address at HDV_Chambers@cacd.uscourts.gov.

5        **F.      Motions for Attorneys' Fees.**  Motions for attorneys' fees shall be electronically

6  filed and set for hearing according to Local Rule 6-1 and this Order.  Any motion or request for

7  attorneys' fees shall attach two summaries, in table form, of the hours worked by and billing rate of

8  each attorney with title (*e.g.*, partner, counsel, associate, etc.).

9        The first table shall include a summary of the hours worked by each attorney, organized by

10  task (*e.g.*, discovery, motion to dismiss, motion for summary judgment).  The second table shall

11  include a summary of the hours worked by each attorney, organized by attorney.  Both tables shall

12  list all the tasks on which the attorney worked, the hours worked on each task, and the hourly rate of

13  each attorney.  If the hourly rate charged by any individual attorney changed while the action was

14  ongoing, the party shall provide separate calculations for the total number of hours the attorney spent

15  in connection with each task at each hourly rate.

16        All tables shall be attached to the motion and electronically filed.  The courtesy copies of the

17  tables shall be prepared in Excel, have all restrictions removed so the spreadsheets can be edited, and

18  be emailed to the Court's chambers email address at HDV_Chambers@cacd.uscourts.gov.

19        **G.      Under Seal Filings.**  The Court requires strict compliance with Local Rule 79-5,

20  which governs applications to file documents under seal.  Local Rule 79-5.2.2 explains how to apply

21  to file under seal and how to proceed if leave is granted.

22        There is a strong presumption of access in civil actions.  *Foltz v. State Farm Mut. Auto. Ins.*

23  *Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  Parties that submit frivolous motions to seal or overly

24  broad motions will be subject to sanctions.

25        When submitting a motion to seal, the filing party must state whether the compelling reasons

26  or good cause standard applies and explain why.  *See Center for Auto Safety v. Chrysler Group,*

27  *LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016).  The party must identify and discuss the factual and/or

28

*Rev 08/2023*

legal justification that establishes "good cause" or "compelling reasons" for the information to be protected.

The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making a blanket statement about the grounds for sealing.  Generic and vague references to "competitive harm" are almost always insufficient justification for sealing.  If a party files a request to seal that is significantly overbroad and/or does not provide adequate reasons for concealing information from the public, the party bears the risk that the Court will simply deny the request in its entirety and place all documents sought to be sealed on the public docket.

Documents that are not confidential or privileged in their entirety should not be filed under seal if the confidential portions can be redacted and filed separately with a reasonable amount of effort.  The parties should file a complete version of the documents under seal and a redacted version for public viewing, omitting only the portions that the Court has authorized to be filed under seal.

Sealing must be justified for each individual item—blanket claims of confidentiality will result in the application to seal being denied.  Counsel must consider carefully whether sealing or redaction is absolutely required for a given piece of evidence or argument.  An application to seal that includes meritless requests to seal or redact documents will be denied.  The parties also must meet and confer before filing an application to seal.

An application to seal that includes meritless requests to seal or redact documents will be denied.  If a party files an application to seal that includes meritless requests to seal or redact documents, the party bears the risk that the Court will simply deny the request in its entirety and place all documents sought to be sealed on the public docket.  The parties also must meet and confer before filing an application to seal.

## XI.   PROPOSED ORDERS

Each party filing or opposing a motion or seeking the determination of any matter shall serve and electronically lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.  In addition, a copy of the

14

*Rev 08/2023*

1  proposed order in Word format shall be emailed directly to the Court's chambers email address at

2  HDV_Chambers@cacd.uscourts.gov on the day the document is electronically filed.

3  **XII.   CHAMBERS COURTESY COPIES OF MOTION-RELATED DOCUMENTS**

4  The Court requires chambers copies of all e-filed ***motion-related*** documents (*i.e.,* moving

5  papers, oppositions and replies), as well as all associated exhibits.  The Court ***no longer requires***

6  chambers copies for any other e-filed documents.  Chambers copies should be delivered to Judge

7  Vera's chambers copy box located outside of the Clerk's Office on the fourth floor of the First Street

8  Courthouse (350 W. 1st Street, Los Angeles, California 90012).  Mandatory chambers copies must

9  be delivered by no later than ***noon on the following business day*** after filing, and shall be "binder

10  ready" (*i.e.*, three-hole punched on the left side, without blue-backs or staples, and with any exhibits

11  tabbed).

12  Additionally, ***for motions for summary judgment only***, parties should submit **two paper**

13  **copies** of all Motion for Summary Judgment filings to Judge Vera's mailbox on the fourth floor of

14  the First Street Courthouse.  Pro se parties are exempt from this requirement.

15  Excel files prepared in support of motions for attorneys' fees (*see supra* Section X.F) and

16  proposed orders in Word format (*see supra* Section XI) should be submitted to the Court's chambers

17  email address at HDV_Chambers@cacd.uscourts.gov.

18  **XIII.   EX PARTE APPLICATIONS**

19  Ex parte applications are solely for extraordinary relief and are rarely granted.  All ex parte

20  applications must be sent in PDF version to HDV_chambers@cacd.uscourts.gov along with a Word

21  version of the proposed order.  Both the e-mail to the Court and the application should advise

22  whether opposing counsel will be filing an opposition.  Ex parte applications that fail to conform to

23  Local Rule 7-19 will not be considered, except on a specific showing of good cause.

24  Counsel for the applicant must provide advance notice of the application by telephone and

25  email to all other parties.  In addition to the information required by Local Rule 7-19.1, the notice

26  must advise the other parties of the anticipated deadline to oppose the application.  The applicant

27  must serve the application by facsimile, email, or personal service, even if electronic service is

28  effected under Local Rule 5-3.2.1.

*Rev 08/2023*

1  Oppositions to ex parte applications must be filed within 24 hours of the filing of the

2  application, subject to Rule 6(a)(2).  If an opposing party does not intend to oppose the ex parte

3  application, counsel must inform the Courtroom Deputy Clerk by email as soon as possible.

4  **XIV.  CONTINUANCES**

5  Counsel requesting a continuance must lodge, prior to the date to be continued, a proposed

6  stipulation and order including a detailed declaration of the grounds for the requested continuance or

7  extension of time.  Counsel shall avoid submitting requests for continuance or extension of time less

8  than five (5) court days prior to the expiration of the scheduled date.  The Court grants continuances

9  only upon a showing of good cause, focusing on the diligence of the party seeking the continuance

10  and any prejudice that may result if the continuance is denied.  Counsel are required to first meet and

11  confer with opposing counsel regarding the substance of the continuance and include a statement of

12  compliance with Local Rule 7-3.  Failure to meet and confer in good faith in compliance with the

13  Local Rules and this Order may result in denial of the request for continuance.

14  **XV.  ELECTRONIC FILINGS**

15  Counsel shall e-file all civil and criminal filings pursuant to Federal Rules of Civil Procedure

16  5(d)(3) and Local Rule 5-4 as follows:

17  • All non-signature items shall be *e-filed* in PDF format. All proposed signature items shall be

18  e-filed as an attachment to the main document in PDF format.

19  • All proposed signature items shall be *emailed* to the Courtroom Deputy Clerk's email

20  address at HDV_Chambers@cacd.uscourts.gov in Word format.  *Only* proposed order

21  signature items should be emailed to the chambers' email address.  Do not email other

22  associated documents and do not use this email address for communication with the Court or

23  the Courtroom Deputy.

24  **Note for Parties Who Do Not Have an Attorney**:  Pro se litigants—that is, parties who are

25  not represented by an attorney—may submit documents for filing through the Court's Electronic

26  Document Submission System ("EDSS") instead of mailing or bringing documents to the Clerk's

27  Office.  Only internet access and an email address are required.  Documents are submitted in PDF

28

*Rev 08/2023*

format through an online portal on the Court's website. To access EDSS and for additional

information, visit the Court's website at https://apps.cacd.uscourts.gov/edss.

**XVI.   COMMUNICATIONS WITH CHAMBERS**

Counsel must not attempt to contact the Court or chambers staff by email, telephone, or by

any other ex parte means.  Counsel may, for appropriate matters only, contact the Courtroom Deputy

via the Court's chambers email at HDV_Chambers@cacd.uscourts.gov.  Counsel must not contact

the Courtroom Deputy regarding the status of any matter before the Court.  Calls or emails regarding

the status of submitted motions, stipulations, or proposed orders will not be returned.  Counsel may

determine the status of any submitted motion, stipulation, or proposed order by accessing the docket

sheet through PACER, which can be accessed via the Central District of California website.

Counsel must include on all papers their email address, telephone number, and fax number to

facilitate communication with the Courtroom Deputy.

**XVII. GUIDANCE FOR PRO SE LITIGANTS**

Parties who represent themselves in civil litigation (*i.e.*, appear pro se), should be aware that

the Court holds these parties to the same standards of conduct to which it holds attorneys.

The following links may be helpful to those representing themselves in civil matters:

- Information on the Federal Pro Se Clinic in Los Angeles, which offers on-site

  information and guidance to individuals who are representing themselves, can be found at

  https://prose.cacd.uscourts.gov/los-angeles.  The clinic is located in the Edward Roybal

  R. Federal Building and U.S. Courthouse (255 East Temple Street, Suite 170, Los

  Angeles, California 90012) and is open by appointment only on Mondays, Wednesdays,

  and Fridays from 9:30 a.m. to 12:00 p.m. and from 2:00 p.m. to 4:00 p.m.  Appointments

  can be made via the website or by telephone at (213) 385-2977, ext. 270.

- Local Civil Rules for the Central District of California can be found at

  http://www.cacd.uscourts.gov/court-procedures/local-rules.

- Federal Rules of Civil Procedure can be found at https://www.uscourts.gov/rules-

  policies/current-rules-practice-procedure/federal-rules-civil-procedure.

*Rev 08/2023*

XVIII.   ADDITIONAL INFORMATION

A. Interpreter Services

Interpreters play a key role in ensuring that litigants speaking a wide variety of languages can meaningfully access the courts.  To this end, the Court is committed to implementing flexible court procedures that allow for effective interpreter services.  Please note, however, that counsel in civil actions are responsible for arranging for the services of an interpreter.  The Interpreter Services Department may be reached at (213) 894-4370.

XIX.   NOTICE OF THIS ORDER

**Counsel for plaintiff (or plaintiff, if appearing pro se) shall immediately serve this Order on all parties, including any new parties to the action. If this case came to the Court by noticed removal, the removing defendant shall serve this Order on all other parties.**

IT IS SO ORDERED.

Dated: October 27, 2023

_____
Hernán D. Vera
United States District Judge

18

*Rev 08/2023*